PROB 12C
(04/08)

June 3, 2008

## UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

FILED
2008 JUN -5  AM 11: 41

Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Keith FREEMAN (English)   **Dkt No.:** 08-CR-0276-001-JM

**Reg. No.:** 06974-298

**Name of Sentencing Judicial Officer:** The Honorable Jeffrey T. Miller, U.S. District Judge

**Date of Sentence:** May 16, 2008

**Original Offense:** 8 U.S.C. § 1324 (a)(2)(B)(iii), Bringing in Illegal Aliens with Presentation, and 18 U.S.C. § 2, Aiding and Abetting, a Class C felony.

**Sentence:** Time served plus seven days; two years supervised release (*Special Conditions: See Attached Judgment and Commitment Order.*)

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** May 23, 2008

**Asst. U.S. Atty.:** Caroline Han   **Defense Counsel:** Gregory Obenauer (Appointed)
(619)230-1523

**Prior Violation History:** None

---

### PETITIONING THE COURT

### TO ISSUE A NO-BAIL BENCH WARRANT

PROB 12C

Name of Offender: Keith FREEMAN  June 3, 2008
Docket No.: 08-CR-0276-001-JM  Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |

**(Mandatory Condition)**
Not commit another federal, state, or local crime. *(nv1)*

1. On or about May 24, 2008, Keith Freeman brought seven illegal aliens into the United States without presentation, in violation of 8 U.S.C. § 1324 (a)(2)(B)(iii), as evidenced by the complaint filed in U.S. District Court, Southern District of California, Dkt. No. 08-MJ-0162.

2. On or about May 24, 2008, Keith Freeman made false statements to a federal officer, in violation of 18 U.S.C. § 1001, as evidenced by the Department of Homeland Security Report of Investigation, Case No. SYS0805002108.

3. On or about May 24, 2008, Keith Freeman used/presented a forged or false passport, in violation of 18 U.S.C. § 1543, as evidenced by the Department of Homeland Security Report of Investigation, Case No. SYS0805002108.

4. On or about May 24, 2008, Keith Freeman possessed a counterfeit California drivers license, in violation of 14610 (a)(1) of the California Vehicle Code, as evidenced by the Department of Homeland Security Report of Investigation, Case No. SYS0805002108.

5. On or about May 24, 2008, Keith Freeman possessed stolen property (a Chevrolet truck), in violation of 496 of the California Penal Code, as evidenced by the Department of Homeland Security Report of Investigation, Case No. SYS0805002108.

6. On or about May 24, 2008, Keith Freeman drove a motor vehicle without the owner's permission, in violation of 10851 of the California Vehicle Code, as evidenced by the Department of Homeland Security Report of Investigation, Case No. SYS0805002108.

| | |
|---|---|
| Name of Offender: Keith FREEMAN | June 3, 2008 |
| Docket No.: 08-CR-0276-001-JM | Page 3 |

***Grounds for Revocation:*** As to allegations one through six, I received and reviewed the complaint filed on May 27, 2008, in U.S. District Court, Southern District of California, Dkt. No. 08-MJ-0162, as well as the U.S. Department of Homeland Security Report of Investigation, (event no. SYS085002108), both of which reflect the following: On May 24, 2008, at approximately 2:30 P.M., Keith Freeman made application for admission into the United States from Mexico through a vehicle lane at the San Ysidro, California, Port of Entry. Mr. Freeman appeared to be the driver and sole occupant of a Chevrolet Silverado extended- cab pick-up truck. Upon inspection, the offender presented as his own a U.S. Passport (500613292) and California Drivers License (B7587018) bearing his photograph and the name of "John Paul Mayes". When asked, the offender told the agent that he was going to San Diego and that he owned the vehicle. The agent suspected the documents he presented were counterfeit, and therefore secured the vehicle. During closer inspection, seven undocumented aliens (four of which were held as material witnesses, and three of which were voluntarily returned to Mexico) were located under a blanket in the rear of the extended cab of the truck.

It was subsequently determined that the U.S. Passport presented by Mr. Freeman was photo-altered and the California drivers license was counterfeit. Additionally, the license plate on the vehicle was from a Dodge truck, and the vehicle the offender was driving was a Chevrolet truck. A subsequent computer check confirmed the vehicle Mr. Freeman was driving was stolen. A counterfeit vehicle registration bearing the name used by the offender (John Paul Mayes) was also discovered in the vehicle.

Mr. Freeman was advised of his Miranda rights, which he waived. He reported that he was released from federal custody on May 23, 2008, and went to Mexico to retrieve his luggage from the people he had smuggled for previously. At approximately 3:00 A.M., he was taken to a house, where he met with a male he knew as Alvarero. At the residence he was threatened by several men for talking to investigators in the U.S. and was shoved. He claimed to have consumed a half bottle of wine to calm himself down. Mr. Freeman said he was then driven to the border, given a cellular phone, and directed to the truck he was to drive. The offender told the agents that he agreed to do this in order to get his luggage back from the "smugglers." He denied knowledge of the illegal aliens in the vehicle. Mr. Freeman admitted that the passport he presented was not lawfully issued for his use, and indicated the documents were produced by the "smugglers". He noted that the "smugglers" had his photographs from the previous smuggling event, and he believed the documents were produced as copies using his biographical information.

Each of the material witnesses were interviewed and reported that they had no papers or documents allowing them to enter the U.S. legally. They were to be transported into the U.S. for amounts between $2,000 to $4,000 each. The witnesses said they first saw Mr. Freeman the night before when he was talking with the three men, who were watching over them in a house in Tijuana. They again saw him the next day when he was driving them to the border. One of the witnesses believed that the offender knew they were in the vehicle.

| (Special Condition) | | |
|---|---|---|
| Not enter the Republic of Mexico without permission of the probation officer. *(nv33)* | 7. | On or about May 23, 2008, Keith Freeman entered the Republic of Mexico without written permission of the probation officer. |

**_Grounds for Revocation:_** As to allegation seven, I received and reviewed the complaint filed on May 27, 2008, in U.S. District Court, Southern District of California, Dkt. No. 08-MJ-0162, as well as the U.S. Department of Homeland Security Report of Investigation, (event no. SYS085002108), both of which reflect the following: On the date listed above, Mr. Freeman went to Mexico to retrieve his luggage. On May 24, 2008, he was arrested at the international border entering the U.S. from Mexico. He did not have permission of the probation officer to go to the Republic of Mexico.

| (Special Condition) | | |
|---|---|---|
| Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of four months. *(nv24)* | 8. | On May 23, 2008, Keith Freeman failed to reside in a Residential Reentry Center for four months as directed by the probation officer. |

**_Grounds for Revocation:_** As to allegation eight, on May 23, 2008, Mr. Freeman was released from the custody of G.E.O.. He reported to the U.S. probation office and was directed to report directly to the Correctional Alternatives, Inc., Site 2, Residential Reentry Center (RRC) to serve his four month RRC punitive placement. He was given a bus pass, a map and verbal instructions how to get to the RRC. I subsequently received a telephone call from RRC staff, on May 27, 2008, advising the offender had never reported to the facility as directed.

| (Standard Condition) | | |
|---|---|---|
| Answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. *(nv8)* | 9. | On May 23, 2008, Keith Freeman failed to follow the instructions of the probation officer. |

**_Grounds for Revocation:_** On May 23, 2008, Mr. Freeman was instructed by a U.S. probation officer to report directly to the RRC; however, he apparently went to Mexico instead, and was subsequently arrested upon his re-entry into the U.S. from Mexico on May 24, 2008.

PROB 12C

| | |
|---|---|
| Name of Offender: Keith FREEMAN | June 3, 2008 |
| Docket No.: 08-CR-0276-001-JM | Page 5 |

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Freeman's adjustment to supervision was extremely poor, as noted in the alleged violations, Mr. Freeman failed to report to the RRC, went to Mexico without authorization and was arrested for transporting seven illegal aliens in the United States, all this in less than 15 hours from commencing his supervised release term.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Aside from a citation for drinking in public, issued August 18, 2005, for which a warrant was issued, Mr. Freeman has no criminal history.

The presentence report indicates that the offender had been a "functioning alcoholic", drinking three to four bottles of wine a day.

Mr. Freeman previously worked as a U.S. Merchant Marine since 2002; he admitted he would drink alcohol between his shifts to sustain himself.

### SENTENCING OPTIONS
### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 year(s). 18 U.S.C. § 3583(e)(3).

**USSG Provisions:**

USSG § 7B1.1(b), p.s., indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves bringing in aliens without presentation, false statements to a federal officer, use of forged or false passport, possession of stolen property and driving vehicle without the owner's consent, which constitute Grade B violations. USSG § 7B1.1(a)(2), p.s.

Upon a finding of a Grade B violation the court shall revoke supervised release. USSG § 7B1.3(a)(1), p.s.

A Grade B violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 4 to 10 months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade B violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

Pursuant to USSG § 7B1.3(d), p.s., any unserved portion of community confinement shall be ordered to be served, in addition to the sentence imposed as a result of the revocation. In this case, the offender has not served 4 months of the court-ordered community confinement.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG § 7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG § 7B1.3(f), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>3 year(s)</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

PROB 12C

| | |
|---|---|
| Name of Offender: Keith FREEMAN | June 3, 2008 |
| Docket No.: 08-CR-0276-001-JM | Page 7 |

**RECOMMENDATION/JUSTIFICATION**

Mr. Freeman could manage no more than 15 hours following his release from custody before he failed to report to the RRC as directed, traveled to Mexico without authorization, obtained altered and counterfeit documents, and attempted to transport seven undocumented persons into the U.S. from Mexico. Clearly, a custodial sanction is warranted.

Although the Court could impose a sentence up to 24 months custody, as the Court departed at the time of sentencing; the probation officer is recommending that the offender's supervised release be revoked, and be sentenced to 10 months custody, with an additional four months custody for his unserved RRC commitment, for a total of 14 months. It is recommended that the sentence be served consecutively to any other sentence imposed. Reimposition of supervised release is not recommended, as Mr. Freeman will likely receive a term of supervised release in the new case.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:** June 3, 2008

Respectfully submitted:
KENNETH O. YOUNG
CHIEF PROBATION OFFICER

by _____
James L. Whelpley
U.S. Probation Officer
(619) 557-2648

Reviewed and approved:

_____
Sean Quintal
Supervising U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant:** FREEMAN, Keith

2. **Docket No.** (Year-Sequence-Defendant No.): 08-CR-0276-001-JM

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | bringing in aliens without presentation | B |
   | false statements to a federal officer | B |
   | use of a forged or false passport | B |
   | possessed a counterfeit California drivers license | C |
   | possessed stolen property | B |
   | drove a vehicle without owner's consent | B |
   | failed to report to RRC as directed by the USPO | C |
   | entered Republic of Mexico without USPO permission | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))         [ B ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))              [ I ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))           [ 4 - 10 months]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   | Restitution | $ | Community Confinement | 4 months |
   | Fine | $ | Home Detention | |
   | Other | | Intermittent Confinement | |

**THE COURT ORDERS:**

___✓___ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

(Mr. Freeman is currently in custody at the MCC-San Diego under register no. 06974-298)

_____ Other _____

_____

_____

_____                _____6/4/08_____
The Honorable Jeffrey T. Miller                         Date
U.S. District Judge

jlw/jlw